EARLY v. KORN et al.

(Supreme Court, Special Term, Erie County.   May, 1903.)

1. DECEDENTS' ESTATES—JUDGMENTS AGAINST—SUBJECTING REAL ESTATE TO PAYMENT—JURISDICTION OF SURROGATE'S COURT.

Where a judgment on a claim against decedent's estate was obtained in an action against his administrator commenced more than three years after letters of administration were granted him, the proceeds of a sale in an action to partition decedent's real estate may not be ordered to be paid to the Surrogate Court, there to be accounted for, and eventually subjected to payment of the judgment; the Surrogate's Court having no authority for subjecting real estate to payment of debts, or distributing surplus moneys arising from sale of real estate, except as given by statute; and Code Civ. Proc. §§ 1538, 2749, 2750, 2797, 2798, giving no such authority under such conditions.

Action by Peter Early against Mary Ann Korn and others for partition. Defendant Korn applies for an order. Denied.

Niles C. Bartholomew, for the motion.
E. J. Taylor and Montfort C. Holley, opposed.

KRUSE, J.   The defendant Mary Ann Korn seeks to reach the proceeds of the sale of certain premises owned by her deceased debtor, and realized upon the sale in this action, brought by an heir at law of said debtor, for the partition of the same. The specific relief sought is for an order directing the payment of the moneys by the treasurer of the county of Niagara, with whom they were deposited under the judgment in this action, to the Surrogate's Court of Erie county, and there to be accounted for, and eventually subjected to the payment of the defendant's said claim.

Rose Ann Kinsella died intestate on or about August 28, 1895, seised of said premises, and possessed of personal property worth about the sum of $355. She left, her surviving, the plaintiff and others, as her heirs at law. The plaintiff was appointed the administrator of her estate on the 18th day of April, 1898, by the surrogate of Erie county. He advertised for claims, pursuant to an order of the surrogate, on the 14th day of July, 1899. Mary Ann Korn presented her claim to the administrator on January 28, 1901. She filed a notice of her claim in the office of the clerk of Niagara county on the 4th day of February, 1901, containing a description of the property in that county affected thereby, and stating that she would hold the same as security for any judgment which she might obtain in the action,

as is required by section 2751 of the Code of Civil Procedure; but the action upon the claim was not commenced until the 6th day of April, 1901, the summons being dated March 29, 1901. Peter Early, the administrator of the estate of Rose Ann Kinsella, was made the defendant in the action, and contested the claim. A trial was had, and Mary Ann Korn was successful, recovering a verdict, upon which judgment was entered in the office of the clerk of Niagara county on April 14, 1902, for $3,000 damages and $131.15 costs. It appears that this is the only outstanding claim against the estate, and that there is no personal property remaining out of which the judgment can be paid.

The procedure which the judgment creditor and petitioner herein has adopted to subject these proceeds to the payment of her judgment, I think, must fail of its purpose. I am not aware of any authority in the Surrogate's Court for subjecting real estate to the payment of debts, or distributing surplus moneys arising from the sale of real estate, except such as is contained in the statute law. Section 2749 of the Code of Civil Procedure, which is not unlike the same provision contained in the Revised Statutes, provides that "real property of which a decedent died seized   *   *   *   may be disposed of for the payment of his debts and funeral expenses, or for the payment of judgment liens existing thereon at his death,   *   *   *"; making certain exceptions which need not now be referred to. Then follow certain other sections of the Civil Code, regulating in detail the method of procedure, providing for the giving of notice to the heirs at law and interested parties, and for the proving of the claims and mode of sale, and the distribution of the proceeds. Section 2750 provides that, at any time within three years after letters were first duly granted within the state upon the estate of a decedent, an executor or administrator may present to the Surrogate's Court a petition for the disposition of real estate of the decedent liable for the payment of the debts, and the next succeeding section provides:

"The time, during which an action is pending in a court of record, between a creditor and an executor or administrator of the estate, is not a part of the time limited in the last section, for presenting a petition, founded upon a debt, which was in controversy in the action; if the creditor has, before the expiration of the time so limited, filed in the clerk's office of the county where the real property is situated, a notice of the pendency of the action, specifying the names of the parties, the object of the action, and, if the creditor's debt is made the foundation of a counterclaim, the nature of the counterclaim; containing a description of the property in that county to be affected thereby; and stating that it will be held as security for any judgment obtained in the action. A notice so filed must be recorded and indexed, and may be cancelled, as prescribed, with respect to the notice of pendency of an action, in article nine of title first of chapter fourteen of this act. It may also be cancelled in like manner, or a specified portion of the property affected thereby, may be discharged from the lien thereof, by the order of the court in which the action is pending, made upon the application of the person having an interest in the real property, upon notice to the creditor, and upon such terms as justice requires.   *   *   *"

It will be observed that while the last section does not require, specifically, the filing of the complaint before or at the time of the filing of the notice of pendency of action, section 1670 does so provide in general terms respecting an action to recover a judgment

affecting title to, or possession, use, or enjoyment of, real property, and the next succeeding section provides the effect of such a notice.

In the action brought by this judgment creditor the complaint was not filed until the judgment was entered. Assuming, however, without so deciding, that it was not necessary to file this complaint at or before the time of filing the notice of pendency, it is to be observed that the time which is excluded from the three-year limitation is that during which the action is pending, and the action brought by this judgment creditor was not commenced until three years had expired after letters of administration were granted. Under such circumstances the attempt to proceed under those provisions must fail. This seems further fortified by section 1538 of the Code of Civil Procedure, which provides that in actions of partition, where the three years have not expired after the granting of letters to an executor or administrator, the proceeds of the sale shall be paid into court, and not paid to the owner succeeding to the title of the decedent until after the expiration of the time, and proof is required to be made as therein specifically provided for showing that the contingency has arisen which entitles him to the proceeds. It is true that the section requires the moving party to show that no notice provided for in section 2751 has been filed within the time and as required by the statute.

Nor do I think that sections 2797 and 2798 of the Code of Civil Procedure aid the judgment creditor in her contention. While the latter section specifically provides that where real property liable to be disposed of for the payment of debts is sold in an action specified in the preceding section to satisfy a mortgage or other lien thereon which accrued during the decedent's lifetime, and letters testamentary or letters of administration upon the decedent's estate were, within four years before the sale, issued from the Surrogate's Court of the state having jurisdiction to grant them, the surplus moneys must be paid into the Surrogate's Court, yet it does not seem to apply to actions of partition, and the preceding section does not seem in any way to extend the time for commencing the proceedings to sell the real estate; nor does it seem to dispense with or affect the proceeding taken for the sale of the real estate, except that after making a decree the surrogate may, and in a proper case must, stay the order to execute the decree.

As to what remedy the petitioning creditor may have under sections 1837 to 1860 of the Code of Civil Procedure need not now be considered, nor is it necessary to determine whether an action may be maintained by her in equity to charge her claim upon the proceeds of the sale which are sought to have paid into the Surrogate's Court. Hamlin v. Smith, 72 App. Div. 601, 76 N. Y. Supp. 258. Such is not the character of this proceeding.

I think the defendant must fail in this application, and the motion is accordingly denied, with $10 costs of motion.